IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO HEALTH CONNECTIONS, a New Mexico Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | No. 1:16-cv-00878-JB/JHR |

**PLAINTIFF NEW MEXICO HEALTH CONNECTIONS'
RESPONSE TO HHS'S NOTICE**

HHS's Notice (ECF No. 81), informing the Court of its new Final Rule on risk adjustment, confirms that HHS's pending Rule 59(e) motion should be denied. In this Rule, which "covers only the 2017 benefit year," HHS readopts the same risk adjustment methodology contained in HHS's 2017 rule and claims to provide additional support for using the statewide average premium. ECF No. 81, at 1-2. The Rule does not apply to the other relevant benefit years (2014-2016, 2018).

Since the Final Rule supersedes the 2017 rule being litigated in this case, HHS's motion for reconsideration of the Court's findings on the 2017 rule is now moot. Accordingly, HHS's motion can summarily be denied as it relates to the 2017 rulemaking.

The Final Rule also erases any doubt that HHS is capable of adopting a new risk adjustment rule in response to this Court's order. While HHS argues that this Court's remedy of vacatur of HHS's 2014-2018 risk adjustment regulations is "manifestly unjust" because of its

allegedly "tremendously disruptive" consequences, *see* ECF No. 57, at 24-27, HHS has never explained why it could not have (as this Court ordered) commenced a new rulemaking proceeding to avoid any purported disruption. To the extent that there was any doubt that HHS's cry of disruption was a purely self-inflicted wound, HHS's new Notice clearly demonstrates its ability to promulgate a new rule.

To be sure, this new Rule is both procedurally and substantively improper. For one thing, the Administrative Procedures Act does not permit HHS to delay taking action for months and then use an alleged timing emergency of its own creation to avoid going through notice and comment. Health Connections is currently exploring its legal options in responding to this new agency action. But, that is an issue for another day and another case. For purposes of the matter presently before the Court, the new Rule promulgated by HHS underscores just how specious HHS's pending Rule 59 motion is. Plaintiff respectfully submits that the Court should deny HHS's motion for reconsideration in its entirety.

Dated:  August 1, 2018                                      Respectfully submitted:

/s/ *Nancy R. Long*
Nancy R. Long
LONG, KOMER & ASSOCIATES, PA
2200 Brothers Road/PO Box 5098
Santa Fe, NM 87502
(505) 982-8405
nancy@longkomer.com
email@longkomer.com
vmarco@longkomer.com

Barak A. Bassman
Sara B. Richman
Leah Greenberg Katz
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215-981-4000
bassmanb@pepperlaw.com
richmans@pepperlaw.com
katzl@pepperlaw.com

Marc D. Machlin
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
202-220-1200
machlinm@pepperlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, I electronically filed the foregoing Response to HHS's Notice using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

                                                */s/ Nancy R. Long*
                                                Nancy R. Long