**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

| | |
|---|---|
| NEW MEXICO HEALTH CONNECTIONS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 1:16-cv-00878 JB/JHR |
| UNITED STATES DEPARTMENT OF ) HEALTH AND HUMAN SERVICES, ) *et al.*, ) ) | |
| Defendants. ) _____) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully respond to the Plaintiff's Notice of Supplemental Authority, ECF No. 88 ("Pl.'s Notice"), appending the decision of the Court of Federal Claims in *Montana Health Co-Op v. United States*, which concerned cost-sharing reduction payments under the ACA.

Just as it did in filing as supplemental authority the Federal Circuit's decision in *Moda Health Plan v. United States* regarding the risk corridors program, ECF No. 74, Plaintiff has again submitted a decision largely irrelevant to the appropriations law arguments advanced in Defendants' Rule 59(e) motion.  *See* Defs.' Response, ECF No. 75.  Just like the *Moda Health* decision, *Montana Health* concluded that Congress, in certain circumstances, can create a legally-enforceable payment obligation absent an appropriation.  Pl.'s Notice, Ex. A at *14, *20 (holding that "statutory language" in the ACA created an obligation to make payments that was not overcome by the lack of an appropriation).  Indeed, the quotes that Plaintiff extracts from the decision are clear that the court's reasoning relied on the existence of a *statutory* obligation to

make payments.  Pl.'s Notice at 1–2 (discussing the significance of a lack of appropriations when a "statutory obligation" exists and when a "[statutory payment] obligation" is at issue) (alteration in original).  That reasoning has no bearing on this case because there is no dispute that the statute creating the risk adjustment program does not dictate a formula for mandatory payments.  *See* 42 U.S.C. § 18063(b).  *Montana Health* simply has nothing to say about whether *agency officials* can make or authorize a legally-enforceable obligation in the absence of an appropriation.  *Montana Health* accordingly does nothing to blunt the impact of the binding principles of appropriations law described in Defendants' Rule 59(e) motion, which demonstrate that Defendants had no option but to craft the risk adjustment methodology to be budget neutral in the absence of an appropriation beyond risk adjustment collections.

Dated: September 13, 2018                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

*/s/ James Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 353-0543
james.r.powers@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 13, 2018, I caused the foregoing document to be served on counsel for plaintiff by filing with the court's electronic case filing system.

*/s/ James Powers*
James R. Powers
